# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Danyelle White, f/k/a Domino, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:22-cv-300 |
| Radius Global Solutions, LLC, a Minnesota limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Danyelle White, f/k/a Domino, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Danyelle White, f/k/a Domino ("White"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Citizens Energy.

4. Defendant, Radius Global Solutions, LLC ("RGS"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA,

1

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant RGS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant RGS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant RGS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant RGS conducts business in Indiana.

## FACTUAL ALLEGATIONS

6. On March 2, 2020, Ms. White filed a Chapter 13 bankruptcy petition in a matter styled In re: White, S.D.Ind.Bankr. No. 20-01196-RLM-13. Among the debts listed on Schedule E/F of Ms. White's Bankruptcy Petition was a debt that she allegedly owed to Citizens Energy, see, excerpt of Schedule E/F, attached as Exhibit B.

7. Accordingly, on March 6, 2020, Citizens Energy was sent notice of the bankruptcy by the court, via U.S. Mail, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, which is attached as Exhibit C.

8. Plaintiff's bankruptcy is also a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant Radius tried to collect this debt from Ms. White by submitting a negative credit report to Equifax on June 19, 2020.

10. Thereafter, in 2021, Ms. White reviewed her Equifax credit report on-line and saw the negative credit entry on her Equifax credit report for the Citizens Energy

debt, which she then disputed. Equifax's acknowledgement of Ms. White's dispute is attached as Exhibit D.

11. Ms. White is informed and believes that Equifax in turn notified Defendant of the dispute.

12. On February 8, 2022, Ms. White again checked her Equifax credit report and saw that Defendant RGS was still trying to collect the Citizens Energy debt, that was included in her bankruptcy, via negative credit reporting, which had been updated as recently as January 1, 2022. The pertinent part of Ms. White's Equifax credit report is attached as Exhibit E.

13. Defendant's collection action damages her by depriving her of her right to a fresh start under the Bankruptcy Code and impaired her credit by failing to note that the debt was included in a bankruptcy.

14. Defendant's actions violates basic common law principles of defamation/fraud, namely that if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt was included in a bankruptcy.

15. Defendant's actions emotionally distressed, outraged and alarmed Ms. White.

16. Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

20.     Attempting to collect a debt via negative credit report, when that debt is included in a bankruptcy, is false and/or deceptive or misleading and violates § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

21.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24.     Defendant, by attempting to collect a debt via negative credit report, when that debt was included in a bankruptcy, used unfair or unconscionable means to collect, or attempt to collect a debt subject to a bankruptcy and violated § 1692f of the FDCPA.

25.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C.

§ 1692k.

## PRAYER FOR RELIEF

Plaintiff, Danyelle White, f/k/a Domino, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff White, f/k/a Domino, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Danyelle White, f/k/a Domino, demands trial by jury.

Danyelle White, f/k/a Domino,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 10, 2022

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com

Case 1:22-cv-00300-JMS-MJD   Document 1   Filed 02/10/22   Page 6 of 6 PageID #: 6